UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JACQUELINE NIXON, QIANA NIXON,
JASMINE VARGAS, QUARECE NURSE,
DEJA BLUNT, JAMOL DONEGAN,
LEVAL JEMMOTT, FRANKLIN MOULTRIE,

        Plaintiffs,    **SECOND**
                **AMENDED**
                **COMPLAINT**

   -against-        Jury Trial Request

                19 CV 7215 (PKC) (LB)

OMAR BIRCHWOOD,
ADMINISTRATOR OF THE ESTATE OF LT. MICHAEL RAIMO,
JESSE LANCE,

        Defendants.
------------------------------------------------------------X

    Plaintiffs by and through their attorney, Vik Pawar, Esq. respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, and 1988 for violations of their civil rights, as secured by statutes and the Constitution of the United States.

## JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §§ 1983, and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiffs are citizens of the United States, and at all relevant times were residents of the County of Kings, City and State of New York.

7. Defendants Omar Birchwood, Jesse Lance, are or were members of the 73rd Precinct, PSA 2 and PSA 4 of the NYPD. To the extent applicable they are either sued in their individual capacities or their role in supervisory capacities. All individual defendants are designated as "NYPD defendants." Defendant Administrator of the Estate of Michael Raimo is in charge of the estate of the late defendant Michael Raimo.

## FACTS

8. On December 31, 2016, plaintiffs got together for an annual event to celebrate the life of their family member who was shot to death by NYPD on January 1, 2003.

9. Similar to past years, the event was being held at plaintiff Jacqueline Nixon's ("Nixon") home at 365 Sackman Street, Apt, 1H, Brooklyn, New York ("subject premises").

10. All plaintiffs arrived at the subject premises before midnight on December 31, 2016. All plaintiffs either resided at the subject premises or were otherwise guests at the subject premises who enjoyed the rights and protections under the Constitution.

11. On January 1, around 12:15 a.m., defendants Birchwood, Raimo, Lance, ("NYPD defendants") knocked on the door at the subject premises under the guise that they "heard shots" and that they witnessed the alleged shooter run into the building which contained the subject premises.

12. Plaintiffs having been through the lies and disinformation by the NYPD regarding shootings informed the NYPD defendants and other officers that they were mistaken and that the plaintiffs were involved in a private celebration and none of the occupants of the subject premises were involved whatsoever in any "shooting".

13. NYPD Defendants and other officers requested permission to enter the subject premises and plaintiff Nixon clearly and unequivocally stated "No."

14. When defendants continued to insist, plaintiffs demanded a warrant before they allowed entry to the defendants.

15. This encounter lasted more than an hour and NYPD defendants and other officers refused to allow the plaintiffs to close their front door by wedging their body and feet against the door.

16. Eventually, some of the plaintiffs simply decided to leave the subject premises rather than deal with the unlawful and harassing tactics employed by the NYPD defendants and other officers.

17. Even though he was peacefully exiting, Plaintiff Levar was dragged outside

of the subject premises pushed against the side of the building, had his phone snatched from his hand when he attempted to record the assault and stopped, frisked, searched and was fondled by the NYPD defendants. Other officers acting under the direction and supervision of the NYPD defendants stopped Levar and kept using the "N" word. Levar was not permitted to leave.

18. As he exited, Plaintiff Blunt was stopped, searched and frisked outside the subject premises in the hallway and not permitted to leave by the NYPD defendants Raimo, Birchwood, Lance and other subordinate officers who were acting under direction of the NYPD defendants while they kept using the "N" word. Blunt was not permitted to leave.

19. Inside the subject premises, NYPD defendants and other subordinate officers under the supervision and direction of the NYPD defendants forcibly entered and directed everyone to sit down and threatened the other plaintiffs that they were in trouble because they were giving the police a "hard time."

20. NYPD defendants and other subordinate officers then repeatedly asked plaintiffs whether they had a "law degree" and under what circumstances were they not allowing them inside the subject premises and search the location.

21. When plaintiffs refused to acquiesce to defendants' unlawful conduct, NYPD defendants and other subordinate officers who acted under the direction and supervision of the NYPD defendants threatened that they would call ACS on some of the plaintiffs inside the subject premises because there were minor children present.

23. These threats came after plaintiffs demanded that they leave their home and

the subject premises and that the NYPD defendants and other subordinate officers who acted under the direction and supervision of the NYPD defendants did not have a legal right to be inside there and threatening the plaintiffs.

22. NYPD Defendants and other subordinate officers who acted under the direction and supervision of the NYPD defendants seized the plaintiffs inside their home, frisked, stopped, searched them individually, searched the subject premises to justify their illegal entry and continued to violate their rights against unreasonable search and seizure, engaged in retaliation by "writing up" plaintiffs to ACS and reporting them for suspected domestic violence and child abuse.

## AS AND FOR THE FIRST CAUSE OF ACTION
(Unlawful Seizure, Unreasonable Search, Illegal Entry, Excessive Force under the 4th Amendment, Due Process Clause of the 14th Amendment)

23. Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

24. Plaintiffs were stopped, frisked, seized and falsely arrested without probable cause by the NYPD defendants.

25. Plaintiffs were privately in their home not engaging in any unlawful conduct and enjoyed privacy and Constitutional protections against unreasonable search and seizure and against warrantless entry into the subject premises. The details of the incident is described earlier in this complaint.

26. Despite these constitutional protections, NYPD defendants and other officers acting with and under the supervision and direction of the NYPD defendants stopped, searched, seized, frisked and abused the plaintiffs inside the subject premises.

## AS AND FOR A SECOND CAUSE OF ACTION
(Failure to Intervene)

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

28. NYPD Defendants, who are law enforcement officers, observed the unconstitutional acts of their fellow NYPD defendants and their subordinate officers. The NYPD defendants had an affirmative duty to intervene to protect violation of constitutional rights and injuries to plaintiffs' bodies as detailed in the foregoing paragraphs of the complaint by other NYPD defendants (law enforcement officers) in their presence.

29. NYPD Defendants knew or observed that unlawful stop, search, frisks and seizure of the plaintiffs was taking place in their presence by one of their fellow NYPD officers and had an opportunity to intervene on behalf of the plaintiffs and failure to intervene to prevent further harm to the plaintiffs. As a result, plaintiff suffered constitutional injuries as described in the foregoing paragraphs on the complaint.

## AS AND FOR A THIRD CAUSE OF ACTION
(Supervisory Liability)

30. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

31. Defendants Raino, Lance and Birchwood were either lieutenants or deputy inspector at the time of the incident outlined in this complaint.

32. These NYPD defendants enjoyed a supervisory role on the date of the incident.

33. These NYPD defendants had a duty and an obligation to supervise their

subordinates and to police their conduct to ensure compatibility with the Constitution.

34. Yet, these NYPD defendants not only failed to supervise or act in their supervisory roles, they participated in violating the constitutional rights of the plaintiffs in tandem with their subordinate officers. The supervisory defendants observed their subordinate officers enter the subject premises without a warrant, threaten the plaintiffs with retaliation and refused to enjoin their subordinates. They further acted individually in participating in violating the plaintiffs' constitutional rights.

35. As a result of the foregoing, NYPD defendants are liable under the theory of supervisory liability because their actions or lack thereof caused and continue to cause plaintiff constitutional injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
(First Amendment Violation- Retaliation and Interference)

36. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

37. Plaintiffs engaged in conduct that was protected under the Constitution.

38. Plaintiffs were filming NYPD defendants while they forcefully attempted to enter the premises.

39. NYPD defendants flashed blinding flashlights at plaintiffs so that their identity will be obscured.

40. Plaintiffs engaged in protected conduct under the First Amendment.

41. NYPD Defendants retaliated against plaintiffs by entering their home without a warrant and stopping, searching, frisking and seizing the plaintiffs.

42. NYPD Defendants further retaliated against plaintiffs by threatening to and or actually reporting plaintiffs to the ACS because plaintiffs refused to allow them to enter

their premises without a warrant. NYPD defendants reported plaintiffs for possible child abuse and domestic violence without any basis in law or fact and in sole retaliation for plaintiffs' exercising their rights.

43. As a result, plaintiffs' rights under the Constitution were violated and they suffered injuries.

**WHEREFORE**, Plaintiffs demand judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages as determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action;

(D) direct the NYPD to implement guidelines to prevent further violations of innocent individuals constitutional rights; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
October 14, 2021

PAWAR LAW PLLC
20 Vesey Street, Suite 1410
New York, New York 10007
(212) 571-0805

By: _____
Vik Pawar (VP9101)
*Attorney for Plaintiff*